OFFIT KURMAN P.A.
Albena Petrakov
590 Madison Avenue, 6th Fl.
New York, NY 10016
Telephone: (212) 380-4106
Facsimile:  (212) 545-1656

Counsel to the Foreign Representative

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 15 |
| VANMOOF B.V. | Case No. 23-42965-jmm |
| Debtor in a Foreign Proceeding. | |

**MOTION FOR (I) RECOGNITION OF FOREIGN PROCEEDING,**
**(II) RECOGNITION OF FOREIGN REPRESENTATIVE,**
**AND (III) RELATED RELIEF UNDER**
**CHAPTER 15 OF THE BANKRUPTCY CODE**

## TABLE OF CONTENTS:

RELIEF REQUESTED ........................................................................................................... 1
JURISDICTION ..................................................................................................................... 2
BACKGROUND .................................................................................................................... 3
BASIS FOR RELIEF ............................................................................................................. 8
    1. VANMOOF B.V. Meets the Eligibility Requirements of Section 109 of the Bankruptcy Code ................................................................................................................................ 8
    2. VANMOOF B.V. Meets the Eligibility Requirements of Section 1517(a) of the Bankruptcy Code ............................................................................................................. 9
    3. The Dutch Bankruptcy Proceeding is a Foreign Main Proceeding .................................. 11
NOTICE ................................................................................................................................ 14
NO PRIOR REQUEST ......................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**

*Drawbridge Special Opportunities Fund LP v. Barnet (In re Barnet)*,
 37 F.3d 238 (2d Cir. 2013) .................................................................................................. 8

*In re ABC Learning Centres Ltd.*,
 45 B.R. 318,(Bankr. D. Del. 2010) ..................................................................................... 12

*In re ABC Learning Ctrs. Ltd.*,
 28 F.3d 301,(3d Cir. 2013) ................................................................................................... 9

*In re Agro Santino, OOD*,
 023 WL 4714894,(Bankr. S.D.N.Y. July 24, 2023). ............................................................ 9

*In re Bear Stearns*,
 74 B.R. 122,(Bankr. S.D.N.Y. 2007) .................................................................................. 10

*In re Fairfield Sentry Ltd.*,
 14 F.3d 127,(2d Cir. 2013) ............................................................................................ 12, 13

*In re Metcalfe & Mansfield Alt. Inv.*,
 21 B.R. 685 (Bankr. S.D.N.Y. 2010); ................................................................................. 13

*In re Modern Land (China) Co., Ltd.*,
 41 B.R. 768,(Bankr. S.D.N.Y. 2022) .................................................................................. 12

*In re Vitro S.A.B. de CV*,
 01 F.3d 1036,(5th Cir. 2012). ............................................................................................. 13

*Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*,
 12 F.3d 418,(2d Cir. 2005) .................................................................................................. 13

*Sino-Forest*,
 01 B.R. 655 (Bankr. S.D.N.Y. 2013); ................................................................................. 13

**Statutes**

11 U.S.C § 103(a) .................................................................................................................... 8

11 U.S.C. § 1502(3). ................................................................................................................ 9

11 U.S.C. § 1516(c). .............................................................................................................. 12

11 U.S.C. § 1517(a)(3). .......................................................................................................... 10

11 U.S.C. § 1517(b)(1). ......................................................................................................... 11

28 U.S.C. § 1410 ........................................................................................................................ 2

28 U.S.C. § 157(b)(2)(P) ........................................................................................................... 2

28 U.S.C. §§ 157 and 1334 and section 1501 .......................................................................... 2

Bankruptcy Code Sections 1501(a) and 1508 ........................................................................ 13

Bankruptcy Code Sections  101(23) ......................................................................................... 9

Bankruptcy Code Sections 101(24) .................................................................................... 1, 10

Bankruptcy Code Sections 109 ................................................................................................. 8

Bankruptcy Code Sections 109(a) ............................................................................................ 8

Bankruptcy Code Sections 1501 ....................................................................................... 13, 14

Bankruptcy Code Sections 1502(4) ............................................................................... 1, 11, 12

Bankruptcy Code Sections 1506 ............................................................................................. 13

Bankruptcy Code Sections 1515 ....................................................................................... passim

Bankruptcy Code Sections 1515(b) and (c) ............................................................................ 10

Bankruptcy Code Sections 1515(b)(1)-(2) and (d) ................................................................. 11

Bankruptcy Code Sections 1517 ........................................................................................... 1, 8

Bankruptcy Code Sections  1517(a) ................................................................................ 8, 9, 10

Bankruptcy Code Sections 1517(a)-(b) .................................................................................. 14

Bankruptcy Code Sections 1520 ............................................................................................... 1

Bankruptcy Code Sections 105(a), 1504, 1507, 1510, 1515, 1517, 1520, 1521, and 1522 of title 11 of the United States Code ........................................................................................... 1

Bankruptcy Code Sections 1504 and 1509  ....................................................................... 2, 10

Bankruptcy Code Sections 1521(a)(1) and (2) ......................................................................... 1

**Rules**

Federal Rules of Bankruptcy Procedure 1007(a)(4) and 7007.1 ..................................... 2, 8, 11

Rule 1007(a)(4)(A), and (b) ................................................................................................... 11

Johannes A.H. Padberg and Robin P.A. de Wit (the "*Foreign Representatives*"), the authorized foreign representatives in respect of the bankruptcy proceedings of VANMOOF B.V. in the Amsterdam District Court, Private Law Division (the "Dutch Bankruptcy Proceeding") pursuant to the Bankruptcy Act of the Netherlands and Article 3 of EU Regulation 2015/848 of the European Parliament and the Council of the European Union, by and through its undersigned counsel, respectfully submits this motion (the "*Motion*") and state as follows:

## RELIEF REQUESTED

1. The Foreign Representatives respectfully request, pursuant to sections 105(a), 1504, 1507, 1510, 1515, 1517, 1520, 1521, and 1522 of title 11 of the United States Code (the "Bankruptcy Code"), entry of an order substantially in the form attached hereto as Exhibit A (the "Proposed Order") (a) granting recognition of the Dutch Bankruptcy Proceeding pursuant to section 1517 of the Bankruptcy Code as a "foreign main proceeding" (as defined in section 1502(4) of the Bankruptcy Code) of the Debtor, and all relief included therewith as provided in section 1520 of the Bankruptcy Code and related relief under sections 1521(a)(1) and (2); (b) recognizing the Foreign Representatives as the "foreign representative" (as defined in section 101(24) of the Bankruptcy Code) of the Dutch Bankruptcy Proceeding for the Debtor for purposes of the Chapter 15 Case; (c) entrusting to the Foreign Representatives the administration and realization of all assets of the Debtor within the territorial jurisdiction of the United States; and (d) granting such other relief as the Court deems just and proper. The relief requested in this Motion is without prejudice to any additional relief the Foreign Representatives may request.

2. In support of this Motion, the Foreign Representatives refer the Court to the statements contained in: (a) the *Declaration of J.A.H Padberg in Support of the Motion for (I)*

*Recognition of Foreign Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code and Additional First Day Filings* (the "Foreign Representative Declaration"); and (b) the *Lists Pursuant to Federal Rules of Bankruptcy Procedure 1007(a)(4) and 7007.1 and Local Rule 1007-3* (the "Bankruptcy Disclosures" and, together with the Foreign Representative Declaration and the Foreign Law Declaration, the "Supporting Documents"), which have been filed contemporaneously herewith and are incorporated herein by reference.

## JURISDICTION

3. The United States Bankruptcy Court for the Eastern District of New York (the "Court") has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and section 1501 of the Bankruptcy Code. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

4. Venue is proper under 28 U.S.C. § 1410 because the Debtor's principal assets located in the United States are in New York and the Litigation (as defined below) is pending against the Debtors in the Supreme Court of the State of New York, County of Kings (the "New York Trial Court"), as described further herein.

5. The Foreign Representative has properly commenced these Chapter 15 Cases under sections 1504 and 1509 of the Bankruptcy Code by the filing of petitions for recognition of the Dutch Bankruptcy Proceeding under section 1515 of the Bankruptcy Code.

## BACKGROUND

6. The Debtor, along with other related entities and affiliates (collectively, the "VANMOOF Group"), are part of a larger Dutch corporate group. Foreign Rep Decl. ¶ __. The Debtor is a global bicycle manufacturer headquartered in the Netherlands and founded in 2005 in Amsterdam by brothers Taco and Ties Carlier. VANMOOF started with a line of traditional bikes later moving exclusively to e-bikes with the goal to create the world's best bikes for city commuting. It has re-imagined how a bike should work in the cities of tomorrow by stripping out unnecessary parts, improving the essentials, and integrated technology. The Debtor has received many accolades for its unique solutions, including a "Best Product Design" award from Fast Company's 2015 Innovation by Design Awards program, and a prestigious Red Dot design award. In addition to Amsterdam, the VANMOOF Group has teams in more than 20 cities worldwide, including New York, Berlin and Taipei, Paris and London. Foreign Rep Decl. ¶ 6.

7. As of the commencement of the Dutch Bankruptcy Proceeding, (a) the Debtor directly employed approximately 118 employees and its affiliate VANMOOF Global Support B.V. (also in bankruptcy) employed approximately 280, all of whom were based in the Netherlands, and (b) the broader VANMOOF Group (including the Debtor) directly and indirectly employed approximately 700 employees worldwide, with approximately 60 % based in the Netherlands. Foreign Rep Decl. ¶ 7.

8. The Debtor manages the worldwide operations of the VANMOOF Group and is headquartered in Amsterdam. The VANMOOF Group operational and economic activities are concentrated in the Netherlands. The Debtor sells its e-bikes both online and in its own brand stores in more than twenty cities worldwide. The Debtors markets, distributes and sells its product in the United States through its wholly owned subsidiary, VANMOOF USA Inc which operates a

brand store in Brooklyn. The research and development department is mainly located in the Netherlands and the e-bikes are produced by factories in Taiwan. Foreign Rep Decl. ¶ 8.

9. The VANMOOF Group was mainly financed by certain lenders (the "Convertible Noteholders') for which TriplePoint Venture Growth BDC Corporation acts as collateral agent (the "Financing Agreement"). The Financing Agreement is governed by the law of the State of California. As of the commencement of the Dutch Bankruptcy Proceeding, the total funded indebtedness under the Financing Agreement was in the amount of approximately EUR 77.9 million. The Debtor is co-bonded under the financing obtained by TriplePoint Venture Growth BDC Corporation. In addition, the VANMOOF Group carries trade debts approximately in the amount of EUR 50.6 million The Debtor alone owes approximately EUR 5 million to trade creditors and approximately EUR 1.3 million to other creditors. The tax obligations of VANMOOF Group amount to approximately EUR 15.3 million, of which 12.1 million are with the Dutch Tax Authorities. Foreign Rep. Decl. ¶9.

10. There are also substantial intercompany debts, including Debtor's obligations of approximately EUR 208 million to VANMOOF Global Holding B.V. and approximately EUR 25 million to VANMOOF Global Support B.V. These two companies have also been declared bankrupt by the District Court in Amsterdam. Foreign Rep. Decl. ¶10.

11. The VANMOOF Group has been in financial trouble due to problems with the supply of parts, delays in the launch of two new e-bikes and technical problems with two existing e-bike models. As a result, VANMOOF Group experienced cash flow problems and had to raise additional financing. Int the fall of 2022, the VanMoof Group successfully raised additional financing from the Convertible Noteholders, which allowed it to address its cash flow

problems for a short period of time. However, at that time it was clear that additional financing would be needed to bridge the gap between the Group's liabilities and revenue from the sale of the new models. Foreign Rep. Decl. ¶11- 12.

12. Against the above backdrop, the Debtor had to undertake a variety of measures to preserve its going-concern value and provide the Debtor with additional liquidity runway, including cost-saving measures, including reduction of its workforce and closing unprofitable brand stores. These measures did not eliminate the need for new funding. VANMOOF Group then sought new investments and thus a structural solution, including by engaging Goldman Sachs. In the interim, TriplePoint Venture Growth BDC Corporation has expressed its willingness to provide additional financing, totaling EUR 42.9 million. This has led to VANMOOF Group being able to launch two budget models, which were essential for the VANMOOF Group to realize cash flow. Foreign Rep. Decl. ¶ 13.

13. Until very recently, there were several concrete options for VANMOOF Group to obtain additional financing or an acquisition to ensure the continuation of its operation. Very recently, it has been determined that obtaining financing or an acquisition in the short term is not realistic. The debtor foresaw that this would prevent it from paying its payable debts in the short term. Operationally, the VANMOOF Group attempted to resize its businesses to reflect operational reductions. However even with such operational initiatives and despite having valuable assets, such as intercompany receivables from VANMOOF USA inc. of EUR 31.8 million, from VANMOOF DE GmbH from EUR 2.8 million and from VANMOOF UK Ltd. from EUR 1.9 million, the Debtor did not have the liquidity to meet its short- and medium-term financial obligations. Foreign Rep. Decl. ¶ 14.

14. The Foreign Representatives are engaged in ongoing, extensive efforts to preserve the assets of the Debtor, including the coordination of the various legal, forensic and accounting teams, directing and coordinating the steps to take control of the subsidiary companies, directing and coordinating steps to take control of any other assets and in taking such other action as is necessary to ensure the smooth administration of the estate.    Foreign Rep. Decl. ¶ 16.

**15.** Pursuant to Article 20 of the Bankruptcy Act the declaration of bankruptcy triggers a general judicial attachment of all of the debtor's assets for the benefit of its creditors. The recoverable assets are all assets where a creditor can recover his claim from the debtor (Article 3:276 of the Dutch Civil Code). Accordingly, the shares that VANMOOF B.V. holds in VANMOOF USA inc. are subject to the Dutch Bankruptcy Proceeding. Once the debtor is declared bankrupt, there can be no further modification of assets or rights (the fixation principle). From the date of bankruptcy, the trustee shall have access to and manage the assets belonging to bankruptcy estate according to Article 68 of the Bankruptcy Act. The management of the bankrupt company is no longer authorized to carry out acts of management or enter into any transactions with regard to the assets belonging to the bankruptcy. The trustee is in charge of managing and liquidating the bankrupt estate. After the commencement of the bankruptcy, the statutory director(s) of the bankrupt company may not perform any acts on behalf of the bankrupt legal entity. The director is no longer authorized to bind and represent the legal entity towards third parties and to bind the company. Therefore, all actions that affect the assets of the bankrupt estate are under the management of the trustee. Foreign Rep. Decl. ¶16.

16. In certain cases, the trustee of a bankrupt parent company like VANMOOF B.V. has powers that he can exercise in the subsidiary (VANMOOF USA inc.). The trustee derives these powers from the fact that he is a shareholder of that subsidiary. The powers can only be exercised insofar as it is appropriate for the proper management of the estate and for the benefit of the estate. Property interests do not only refer to a monetary interest of the parent company. The trustee therefore has an interest in ensuring that the assets are preserved in the USA. Without a stay, the assets in the USA can be damaged. Foreign Rep. Decl. ¶ 18.

17. Immediately after the bankruptcy declaration, the trustee generally needs time to review and analyze books and records of the company. to understand the financial condition of the Debtor and to determine the most efficient approach to maximizing value for the creditors. To enable the trustee to complete his analysis and to potentially allow the continuation of the debtor or the going concern sale of valuable business units, the Court may impose a so-called "cooling-off period", during which third parties cannot exercise their right to recover property belonging to the estate or claim property under the control of the trustee pursuant to Article 63a of the Bankruptcy Act. The cooling off period is set for a maximum of two months with the possibility of an extension for the same period. In the bankruptcy of VanMoof B.V., a cooling-off period of two months has been declared until September 13, 2023 The Foreign Representatives are likely to apply for an extension of the cooling off period by additional two months. Foreign Rep. Decl. ¶ 18.

17. Immediately after the bankruptcy declaration, the trustee generally needs time to review and analyze books and records of the company, to investigate assets and to understand the financial condition of the Debtor so he or she can determine the most efficient approach to maximizing value for the creditors. To enable the trustee to complete his analysis and

7

to potentially allow the continuation of the debtor or the going concern sale of valuable business units, the Court may impose a so-called "cooling-off period", during which third parties cannot exercise their right to recover property belonging to the estate or claim property under the control of the trustee pursuant to Article 63a of the Bankruptcy Act. The cooling off period is set for a maximum of two months with the possibility of an extension for the same period. In the bankruptcy of VANMOOF B.V., a cooling-off period of two months has been declared until September 13, 2023. The Foreign Representatives are likely to apply for an extension of the cooling off period by additional two months. Foreign Rep. Decl. ¶ 19.

## BASIS FOR RELIEF

18. The Debtor is eligible for Chapter 15 relief. To be eligible for chapter 15 relief, the Debtor must meet the general eligibility requirements under section 109(a) of the Bankruptcy Code as well as the more specific eligibility requirements under section 1517(a) of the Bankruptcy Code. 11 U.S.C § 103(a). and § 1517. In addition, the petition for recognition must meet the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 1007(a)(4). The Debtors meet all such eligibility requirements.

### 1. *VANMOOF B.V. Meets the Eligibility Requirements of Section 109 of the Bankruptcy Code.*

19. Under section 109(a), a foreign debtor must reside or have a domicile, a place of business, or property in the United States to be eligible to file a chapter 15 petition. *See Drawbridge Special Opportunities Fund LP v. Barnet (In re Barnet)*, 737 F.3d 238 (2d Cir. 2013). Here, the Debtor satisfies the eligibility requirements of Section 109(a) because it owns 100%

of VANMOOF Inc., a New York corporation. The Debtors markets, distributes and sells its product through the U.S. subsidiary.

### 2. VANMOOF B.V. Meets the Eligibility Requirements of Section 1517(a) of the Bankruptcy Code.

20. Section 1517(a) of the Bankruptcy Code provides that, after notice and a hearing, "an order recognizing a foreign proceeding shall be entered if . . . (1) such foreign proceeding for which recognition is sought is a foreign main proceeding . . . within the meaning of section 1502; (2) the foreign representative applying for recognition is a person or body; and (3) the petition meets the requirements of section 1515." 11 U.S.C. § 1517(a). Each of those requirements has been satisfied as set forth below.

21. The Dutch Bankruptcy Proceeding satisfies the general definition of "foreign proceeding" as set forth in section 101(23) of the Bankruptcy Code. Section 101(23) requires that a "foreign proceeding" be (a) a collective judicial or administrative proceeding relating to insolvency or adjustment of debt; (b) pending in a foreign country; (c) under the supervision of a foreign court; and (d) for the purpose of reorganizing or liquidating the assets and affairs of the debtor. *See* 11 U.S.C. § 101(23); *see also In re ABC Learning Ctrs. Ltd.*, 728 F.3d 301, 308 (3d Cir. 2013) The Bankruptcy Code defines "foreign court" as a "judicial or other authority competent to control or supervise a foreign proceeding." 11 U.S.C. § 1502(3). In considering whether the proceeding is collective in nature, "relevant case law typically speaks in terms of the proceeding's treatment of and potential benefit to creditors, as well as emphasizing that the proceeding must concern all interests or the interests of a creditor body as a whole, not just individuals." *In re Agro Santino, OOD*, No. 22-10756 (JLG), 2023 WL 4714894, at *6 (Bankr. S.D.N.Y. July 24, 2023).

22. The Amsterdam District Court is a court of general jurisdiction that oversees insolvency proceedings. The proceeding is under the supervision of the Dutch court as Ms. W.M. de Vries LL.M., a judge of the Amsterdam District Court was appointed as bankruptcy judge. The District Court in Amsterdam explicitly found that there was no prospect that the Debtor would be able to satisfy its creditors over time and that it had stopped making payments, ordered the bankruptcy of VANMOOF B.V. and appointed the Foreign Representatives as Trustees. See Exhibit 1 to the Foreign Rep. Decl. The Dutch Bankruptcy Proceeding is a collective judicial proceeding relating to insolvency or adjustment of debt in that it administers the claims of all creditors whose claims are being addressed in a single proceeding. See Foreign Law Declaration. The Dutch Bankruptcy Proceeding is pending in a foreign country under a law relating to insolvency, the Dutch Bankruptcy Act. The proceeding is intended to protect the Debtor so that it may continue to operate and pursue an orderly liquidation including any transactions that maximize the recovery for the creditors. The Foreign Representatives are the proper "foreign representatives" of the Dutch Bankruptcy Proceeding, as they were appointed to administer the bankruptcy proceeding thereby satisfying sections 101(24) and 1517(a)(2) of the Bankruptcy Code. 11 U.S.C. § 101(24).

23. The final requirement for recognition of a foreign proceeding under section 1517(a) of the Bankruptcy Code is that the petition for recognition meets the procedural requirements of section 1515 of the Bankruptcy Code. *See* 11 U.S.C. § 1517(a)(3). Here, all of those procedural requirements are satisfied. The Foreign Representatives duly and properly commenced these Chapter 15 Cases in accordance with sections 1504 and 1509(a) of the Bankruptcy Code by filing the *Official Form 401 Petition* (the "Petition") with the documents and information required by section 1515(b) and (c). *See In re Bear Stearns*, 374 B.R. 122, 127 (Bankr.

S.D.N.Y. 2007) ("A case under chapter 15 is commenced by a foreign representative filing a petition for recognition of a foreign proceeding under section 1515 of the Bankruptcy Code.").

24. In accordance with section 1515(b)(1)-(2) and (d) of the Bankruptcy Code, the Foreign Representative has submitted evidence, translated into English, of the existence of the Dutch Bankruptcy Proceeding and the appointment of the Foreign Representatives as trustees. *See* Initial Court Order. The Bankruptcy Disclosures filed contemporaneously herewith contain a statement identifying the Dutch Bankruptcy Proceeding as the only foreign proceeding currently pending with respect to the Debtor.

25. Lastly, with the filing of the Bankruptcy Disclosures contemporaneously herewith, the Foreign Representatives have satisfied the additional filing requirements set forth in Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (a) corporate ownership statements containing the information described in Bankruptcy Rule 7007.1, as required by Bankruptcy Rule 1007(a)(4)(A), and (b) lists containing the names and addresses of all persons or bodies authorized to administer the foreign proceedings of the Debtor and all parties to litigation pending in the United States in which the Debtor is a party at the time of the filing of the Petition.

### *3. The Dutch Bankruptcy Proceeding is a Foreign Main Proceeding*

26. The Bankruptcy Code requires that a foreign proceeding "shall be recognized" as a foreign main proceeding "if it is pending where the debtor has its center of main interests" ("COMI"). 11 U.S.C. § 1517(b)(1). A "foreign main proceeding" is defined in the Bankruptcy Code as a "foreign proceeding pending in the country where the debtor has the center of its main interests." 11 U.S.C. § 1502(4). Neither the Bankruptcy Code nor the

UNCITRAL Model Law on Cross-Border Insolvency (the "Model Law") defines COMI. However, there is a rebuttable presumption that a debtor's COMI is its "registered office." 11 U.S.C. § 1516(c). *In re ABC Learning Centres Ltd.*, 445 B.R. 318, 333 (Bankr. D. Del. 2010) (holding that debtor's registered jurisdiction was its COMI where debtor established this presumption and no evidence was presented rebutting it).

28    The Dutch Bankruptcy Proceeding is a "foreign main proceeding" within the meaning of section 1502(4) of the Bankruptcy Code because the Debtor's registered office and COMI is in the Netherlands. In addition, the Amsterdam District Court explicitly held that pursuant to Article 3 of the EU Regulation 2015/848 of the European Parliament and the Council of European Union, the District Court had the jurisdiction to open these main proceedings as the center of the debtor's main interests is in the Netherlands. There is no substantial evidence to rebut the presumption, and there is substantial evidence to affirm it, given that the Debtor and the trustees' activities are based in the Netherlands. See Foreign Representative Declaration ¶¶ 21-23.

29    A foreign debtor's COMI is determined as of when the chapter 15 petition is filed. *See In re Fairfield Sentry Ltd.*, 714 F.3d 127, 137 (2d Cir. 2013). That determination should include the activities of the foreign representative at that time. *In re Modern Land (China) Co., Ltd.*, 641 B.R. 768, 789 (Bankr. S.D.N.Y. 2022) ("Another factor supporting COMI being in the Cayman Islands is the ongoing restructuring proceeding itself.")

30.    For all of the foregoing reasons, this Court should find that Debtor's COMI is the Netherlands and hold that the Dutch Bankruptcy Proceeding is a foreign main proceeding.

31. Section 1506 of the Bankruptcy Code qualifies recognition of a foreign proceeding based upon United States public policy. It provides that "[n]othing in this chapter prevents the court from refusing to take an action governed by this chapter if the action would be manifestly contrary to the public policy of the United States." 11 U.S.C. § 1506. The public policy exception is narrowly construed. *Morning Mist Holdings Ltd. v. Krys (In re Fairfield Sentry Ltd.)*, 714 F.3d 127, 139 (2d Cir. 2013) (finding that the legislative history confirms that the "statutory wording requires a narrow meaning," as it provides that the "word 'manifestly' in international usage restricts the public policy exception to the most fundamental policies of the United States" (quoting H.R. Rep. No. 109-31, pt. 1, at 109 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 88, 171)). *See also Sino-Forest*, 501 B.R. 655 (Bankr. S.D.N.Y. 2013); *In re Metcalfe & Mansfield Alt. Inv.*, 421 B.R. 685 at 697 (Bankr. S.D.N.Y. 2010); *In re Vitro S.A.B. de CV*, 701 F.3d 1036, 1069 (5th Cir. 2012).

32. The requested relief is consistent with the goals of Chapter 15 and will promote the public policy of the United States of respecting foreign proceedings as articulated in Bankruptcy Code sections 1501(a) and 1508. Moreover, U.S. courts have long recognized the need to extend comity to foreign bankruptcy proceedings. *Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 424 (2d Cir. 2005) ("We have repeatedly held that U.S. courts should ordinarily decline to adjudicate creditor claims that are the subject of a foreign bankruptcy proceeding."). The purpose of chapter 15 is set forth in section 1501 of the Bankruptcy Code and includes:

> (i) cooperation between (a) courts of the United States, the United States Trustee, trustees, examiners, debtors, and debtors in possession; and (b) the courts and other competent authorities of foreign countries involved in cross-border insolvency cases; (ii) greater legal certainty for trade and investment; (iii) fair and efficient administration of cross-border insolvencies that protects the interests of all

13

creditors, and other interested entities, including the debtor; (iv) protection and maximization of the value of the debtor's assets; and (v) facilitation of the rescue of financially troubled businesses, thereby protecting investment and preserving employment.

11 U.S.C. § 1501. Recognition of the Dutch Bankruptcy Proceeding as foreign main proceeding comports with all of the objectives set forth in Section 1501 and the conditions for recognition of the Dutch Bankruptcy Proceedings as a foreign main proceeding under section 1517(a)-(b) have been satisfied.

## NOTICE

33.  In accordance with Rule 2002(q) of the Bankruptcy Rules, the Foreign Representatives will provide notice of this Motion to (a) the Debtor; (b) the Office of the United States Trustee for Region 2 (the "U.S. Trustee"); and (c) the Notice Parties (as defined in the *Motion Pursuant to Fed. R. Bankr. 2002 and 9007 Requesting Entry of Order Scheduling Recognition Hearing and Specifying Form and Manner of Service of Notice*), filed contemporaneously herewith.

## NO PRIOR REQUEST

34.  No previous request for the relief sought herein has been made by the Foreign Representative to this or any other court.

[Remainder of page intentionally left blank]

**WHEREFORE** the Foreign Representatives respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: August 18, 2023
      New York, New York

                              OFFIT KURMAN, P.A.

                              By:/s/ Albena Petrakov
                                  Albena Petrakov

                              OFFIT KURMAN
                              590 Madison Ave
                              New York, New York 10022
                              Telephone: (212) 545-1900
                              apetrakov@offitkurman.com

4868-1353-4841, v. 1