OFFIT KURMAN P.A.
590 Madison Avenue, 6th Fl.
New York, NY 10016
Telephone: (212) 380-4106
Facsimile:  (212) 545-1656
Albena Petrakov
Wojciech Jackowski

Counsel to the Foreign Representative

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 15 |
| VANMOOF B.V., | Case No. 23-42965-JMM |
| Debtor in a Foreign Proceeding. | |

**MOTION FOR PROVISIONAL RELIEF PURSUANT TO**
**11 U.S.C. §§ 1519, 1521(a)(7), 105(a), AND 362**

## TABLE OF CONTENTS

RELIEF REQUESTED ............................................................................................................. 1
JURISDICTION ....................................................................................................................... 2
BACKGROUND ...................................................................................................................... 2
BASIS FOR RELIEF ................................................................................................................ 5
NOTICE .................................................................................................................................. 10
NO PRIOR REQUEST ........................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Cunard S.S. Co. v. Salen Reefer Servs. AB*,
  773 F.2d 452 (2d Cir. 1985) .................................................................................................. 9

*Garcia Avila*,
  296 B.R. 95 (Bankr. S.D.N.Y. 2003) ...................................................................................... 7

*In re Andrade Gutierrez Engenharia S.A.*,
  645 B.R. 175 (Bankr. S.D.N.Y. 2022) ................................................................................. 7, 8

*In re Calpine Corp.*,
  354 B.R. 45 (Bankr. S.D.N.Y. 2006) ...................................................................................... 7

*In re Elpida Memory, Inc.*,
  No. 12-10947 (CSS), 2012 WL 6090194 (Bankr. D. Del. Nov. 20, 2012) ............................. 6

*In re Gercke*,
  122 B.R. 621 (Bankr. D.D.C. 1991) ....................................................................................... 7

*In re Hanjin Shipping Co., Ltd.*,
  No. 16-27041 (JKS), 2016 WL 6679487 (Bankr. D.N.J. Sept. 20, 2016) ............................... 6

*In re Innua Canada Ltd.*,
  No. 09-16362 (DHS), 2009 WL 1025088 (Bankr. D.N.J. Mar. 25, 2009) .............................. 7

*In re MMG LLC*,
  256 B.R. 544 (Bankr. S.D.N.Y. 2000) .................................................................................... 7

*In re Neuman*,
  128 B.R. 333 (S.D.N.Y. 1991) ................................................................................................ 9

*In re R&G Fin. Corp.*,
  441 B.R. 401 (Bankr. D.P.R. 2010) ........................................................................................ 9

*In re Rede Energia S.A.*,
  515 B.R. 69 (Bankr. S.D.N.Y 2014) ....................................................................................... 6

*In re SVB Fin. Grp.*,
  No. 23-10367 (MG), 2023 WL 2962212 (Bankr. S.D.N.Y. Apr. 14, 2023) ........................... 9

*Lyondell Chem. Co. v. Centerpoint Energy Gas Servs. (In re Lyondell Chem. Co.)*,
  402 B.R. 571 (Bankr. S.D.N.Y. 2009) .................................................................................... 7

*M.J. Favorito Elec., Inc.*,
  No. 08-CV-183 (JG) (JMA), 2010 WL 959604 (E.D.N.Y. Mar. 15, 2010) ............................ 9

*Queenie, Ltd. v. Nygard Int'l*,
    321 F.3d 282 (2d Cir. 2003) .................................................................................. 9

**Statutes**

11 U.S.C. §1522(a) ....................................................................................................... 9

11 U.S.C. § 1501(a) ...................................................................................................... 5

28 U.S.C. § 157 ............................................................................................................. 2

28 U.S.C. § 1334 ........................................................................................................... 2

28 U.S.C. § 1501 .......................................................................................................... 2

28 U.S.C. § 157(b)(2)(P) .............................................................................................. 2

28 U.S.C. § 1410 .......................................................................................................... 2

Bankruptcy Code Section 103(a) ................................................................................. 6

Bankruptcy Code Section 105 ...................................................................................... 6

Bankruptcy Code Section 304 ...................................................................................... 9

Bankruptcy Code Section 361 ...................................................................................... 8

Bankruptcy Code Section 362 ........................................................................... 1, 5, 6, 8

Bankruptcy Code Section 362(a) ................................................................................. 9

Bankruptcy Code Section 1504 .................................................................................... 2

Bankruptcy Code Section 1509 .................................................................................... 2

Bankruptcy Code Section 1515 .................................................................................... 2

Bankruptcy Code Section 1519 ........................................................................ 1, 6, 7, 10

Bankruptcy Code Section 1519(a) ............................................................................... 5

Bankruptcy Code Section 1519(a)(1) .......................................................................... 6

Bankruptcy Code Section 1519(a)(3) .......................................................................... 6

Bankruptcy Code Section 1519(e) ............................................................................... 7

Bankruptcy Code Section 1521(a)(7) ................................................................ 1, 6, 7, 10

TO THE HONORABLE JIL MAZER-MARINO:

Johannes A.H. Padberg and Robin P.A. de Wit (the "Foreign Representatives"), the authorized foreign representatives in respect of the bankruptcy proceedings of VANMOOF B.V. in the Amsterdam District Court, Private Law Division (the "Dutch Bankruptcy Proceeding") pursuant to the Bankruptcy Act of the Netherlands and Article 3 of EU Regulation 2015/848 of the European Parliament and the Council of the European Union, by and through its undersigned counsel, respectfully submit this motion (the "Motion") and state as follows:

## RELIEF REQUESTED

1. Pursuant to sections 1519, 1521(a)(7), 105(a), and 362 of title 11 of the United States Code (the "Bankruptcy Code"), the Foreign Representatives respectfully request entry of an order substantially in the form attached hereto as Exhibit A (the "Proposed Order") granting the following provisional relief pending final determination on the pending Motion for (I) Recognition of Foreign Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code (the "Motion for Recognition"): (a) providing that section 362 of the Bankruptcy Code applies with respect to the Debtor and its property within the territorial jurisdiction of the United States, including its wholly-owned subsidiary VANMOOF USA Inc.; (b) extending the automatic stay to VANMOOF USA Inc.; and (c) granting such other and further relief as the Court deems just and proper (together, the "Provisional Relief"). The relief requested in this Motion is without prejudice to any additional relief the Foreign Representatives may request.

2. In support of this Motion, the Foreign Representatives refer the Court to the statements contained in: (a) the Declaration of Johannes A.H. Padberg in Support of the Motion for (I) Recognition of Foreign Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code and Additional First Day Filings (the

"Foreign Representative Declaration"); and (b) the Motion for Recognition, which have been filed with the United States Bankruptcy Court for the Eastern District of New York (the "Court") and are incorporated herein by reference (ECF Doc. Nos 3 and 4).

## JURISDICTION

3. The United States Bankruptcy Court for the Eastern District of New York (the "Court") has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and section 1501 of the Bankruptcy Code. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

4. Venue is proper under 28 U.S.C. § 1410 because the Debtor's principal assets located in the United States are in New York and the Litigation (as defined below) is pending against the Debtors in the Supreme Court of the State of New York, County of Kings (the "New York Trial Court"), as described further herein.

5. The Foreign Representatives have properly commenced this Chapter 15 case under sections 1504 and 1509 of the Bankruptcy Code by the filing of petitions for recognition of the Dutch Bankruptcy Proceeding under section 1515 of the Bankruptcy Code.

## BACKGROUND

6. On July 17, 2023, the Amsterdam District Court ordered the bankruptcy of VANMOOF B.V., appointed Ms. W.M. de Vries LL.M., a judge of the District Court, as bankruptcy supervisory judge and appointed Messrs. J.A.H. Padberg LLM. and R.P.A. de Wit LL.M., lawyers in (1008 AC) Amsterdam at P.O. Box 7925, as trustees.

7. The Foreign Representatives respectfully refer the Court to the Motion for Recognition for a full background discussion of the Debtor, including its operations and debt structure and the events precipitating the Dutch Bankruptcy Proceeding and this Chapter 15 Case.

8. The goal of the proceeding is to preserve the assets of the Debtor and to maximize the creditor recovery by going concern sales of business units. Pursuant to Article 20 of the Dutch Bankruptcy Act the declaration of bankruptcy triggers a general judicial attachment of all of the debtor's assets for the benefit of its creditors.

9. The order of the Amsterdam District Court triggers an automatic stay. Any proceeding that has been commenced against the bankrupted entity prior to bankruptcy and such procedure is intended to fulfill an obligation from the estate, is to be suspended by operation of law pursuant to Article 29 of the Bankruptcy Act. See Declaration of Johannes A.H. Padberg (hereinafter "Foreign Representative Decl."), ¶ 9.

10. There is pending litigation in the New York Supreme Court against the Debtor and its wholly owned subsidiary VANMOOF USA Inc. (the "New York Litigation"). The Foreign Representatives were made aware recently of the New York Litigation. The New York Litigation is a personal injury action, commenced by an invitee against VANMOOF USA and VANMOOF B.V. in the New York State Supreme Court, County of Kings, on April 16, 2021. In relevant parts, pleadings filed in the New York Litigation allege that VANMOOF USA Inc. is controlled and wholly owned by VANMOOF B.V., and that the companies are alter ego of the other, which the companies deny. A Notice of the Dutch Bankruptcy Proceeding was filed in the New York Litigation on July 31, 2023. It is the Foreign Representatives' understanding that absent the commencement of a case under chapter 15 of the Bankruptcy Code, plaintiff's counsel in this action vigorously contested the application of the Dutch Stay to the New York Litigation. Foreign Representative Decl., ¶ 9.

11. In the New York Litigation, heavily contested on procedural grounds vis-à-vis parties efforts in discovery, there are a number of court-ordered depositions of witnesses based in

the Netherlands and the U.S. scheduled in August and September, including August 16, 23 and 30 and September 7, 2023. My understanding is that an apostilled notice of the Dutch bankruptcy of VANMOOF B.V. was filed in the New York Litigation on July 31, 2023. One of the Dutch witnesses did not appear for the deposition scheduled on August 16 and Plaintiff filed a motion for sanctions. The return date per the notice of motion returnable is September 7, 2023 and the Defendants' time to respond is August 31, 2023. Further proceedings in the state court litigation could severely impair the value of the Debtor's assets in the U.S. Foreign Representative Decl., ¶ 11.

12. The Foreign Representatives were made aware of the lawsuit recently while still in the process of investigating the financial affairs of the Debtor, assessing the assets in the U.S. and developing a plan for orderly administration of such assets. The defense of the New York Litigation would divert resources from the bankruptcy proceeding in the Netherlands and impair the Foreign Representatives' efforts to investigate and preserve assets of the estate in the U.S. The Foreign Representatives need additional time to address the litigation. Foreign Representative Decl., ¶¶ 9-11.

13. As a result, the Foreign Representatives also explicitly seek a stay of proceedings in the United States. If the New York Litigation were permitted to go forward, the Debtor would potentially face adverse ruling while the Foreign Representatives are still in the initial period of investigation and development of plan of orderly administration. The litigation against the Debtor is nevertheless likely to be stayed in the near term by an order in this Chapter 15 proceeding granting recognition of the Dutch Bankruptcy Proceeding. In addition, the Debtor could face a judgment in this action as well as efforts to impose post-judgment remedies in the near term. Under Dutch law all monetary claims against the Debtor should be asserted in the bankruptcy proceeding.

14. If the New York Litigation goes forward, the Debtor will face the risk of irreparable harm. This is so both because such litigation could have a destabilizing effect on the orderly preservation of the Debtor's U.S. assets and the administration of the Dutch Bankruptcy Proceeding. In light of the need to avoid this irreparable harm and to aid the Debtor's Dutch Bankruptcy Proceedings and its U.S. assets, the Foreign Representatives seek the provisional application of the automatic stay under section 362 of the Bankruptcy Code to maintain the *status quo*, pending a ruling on the Motion for Recognition.

**BASIS FOR RELIEF**

15. Upon recognition of a foreign main proceeding, the automatic stay under section 362 of the Bankruptcy Code applies to protect debtors from, among other things, commencement or continuation of any claims and enforcement of a judgment with respect to the debtors and property of the debtors in the territorial jurisdiction of the United States. See 11 U.S.C. §§ 362, 1520(a). Although the automatic stay under section 362 is not automatically triggered by the commencement of a chapter 15 case, Section 1519(a) of the Bankruptcy Code provides the Court with broad discretion to grant provisional relief during the gap period between the filing of a chapter 15 petition and the Court's ruling on that petition when it is urgently needed to protect the Debtor and its assets and promote judicial cooperation in cross-border insolvency cases. *See* 11 U.S.C. § 1501(a). Chapter 15 of the Bankruptcy Code is designed to, among other things, protect and maximize the value of a foreign debtor's assets and assist foreign representatives in the performance of their duties. Consistent with these principles, the Court should grant the Provisional Relief requested in Proposed Order since doing so would be consistent with the stay already in effect under Dutch law. Granting a stay with respect to the Debtor's U.S. assets achieves the principles of comity that are the fundamental purpose of chapter 15. *See In re Rede Energia*

*S.A.*, 515 B.R. 69, 89 (Bankr. S.D.N.Y 2014) ("A central tenant of chapter 15 is the importance of comity in cross-border insolvency proceedings.").

16.    Section 1519(a)(1) expressly empowers the Court to issue a provisional order "staying execution against the debtor's assets." 11 U.S.C. § 1519(a)(1). In addition, section 1519(a)(3) of the Bankruptcy Code incorporates section 1521(a)(7), which permits the Court to grant (with certain exceptions not applicable here) "any additional relief that may be available to a trustee" when necessary to "effectuate the purpose of [chapter 15] and to protect the assets of the debtor or the interests of the creditors." 11 U.S.C. §§ 1519(a)(3), 1521(a)(7). Because relief under section 362 is available to a trustee in a plenary proceeding, such relief is available to a foreign representative under section 1521(a)(7), and therefore may be granted on a provisional basis under section 1519(a)(3). Under both sections 1519 and 1521 of the Bankruptcy Code, the Court has broad discretion to grant the requested relief. *In re Hanjin Shipping Co., Ltd.*, No. 16-27041 (JKS), 2016 WL 6679487, at *5 (Bankr. D.N.J. Sept. 20, 2016); *In re Elpida Memory, Inc.*, No. 12-10947 (CSS), 2012 WL 6090194, at *3 (Bankr. D. Del. Nov. 20, 2012). Finally, Section 105(a)[1] of the Bankruptcy Code allows this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."

17.    Section 1519(e) of the Bankruptcy Code provides that "[t]he standards, procedures, and limitations applicable to an injunction shall apply to [a request for provisional] relief under this section." 11 U.S.C. § 1519(e). In the context of a chapter 15 proceeding, a preliminary injunction is warranted when (a) there is a likelihood of success on the merits (*i.e.,* the request for

---

[1] Section 105 of the Bankruptcy Code is made applicable in chapter 15 cases by section 103(a) of the Bankruptcy Code.

recognition); (b) there is "an imminent irreparable harm" to the debtor if the preliminary injunction is not issued; (c) "the balance of harms tips in favor of the moving party"; and (d) "the public interest weighs in favor of an injunction." *Lyondell Chem. Co. v. Centerpoint Energy Gas Servs. (In re Lyondell Chem. Co.)*, 402 B.R. 571, 588-89 (Bankr. S.D.N.Y. 2009); *see also In re Innua Canada Ltd.*, No. 09-16362 (DHS), 2009 WL 1025088, at *3 (Bankr. D.N.J. Mar. 25, 2009); *In re Calpine Corp., 354 B.R. 45, 48-50 (Bankr. S.D.N.Y. 2006), aff'd. 365 B.R. 401 (S.D.N.Y. 2007).*

18. The provisional relief requested by the Foreign Representatives is of the type envisioned under Section 1519, and is essential to preventing irreparable harm to the estate. "In the cross-border insolvency context, courts have recognized that irreparable harm exists when local actions could hinder the orderly process of a foreign proceeding and the goal of fair distribution of assets. *In re Andrade Gutierrez Engenharia S.A.*, 645 B.R. 175, 181 (Bankr. S.D.N.Y. 2022) citing *Garcia Avila*, 296 B.R. 95, 114 (Bankr. S.D.N.Y. 2003) (stating that "[a]s a rule, therefore, irreparable harm exists whenever local creditors of the foreign debtor seek to collect their claims or obtain preferred positions to the detriment of the other creditors"). Continuing the litigation in the United States would divert the Debtor's resources needed for the purpose of maximizing any remaining value for the equitable benefit of the Debtor's creditors. *In re Gercke*, 122 B.R. 621, 626 (Bankr. D.D.C. 1991); *cf In re MMG LLC*, 256 B.R. 544, 555 (Bankr. S.D.N.Y. 2000) (noting that "forc[ing a foreign representative] to participate in expensive litigation that threatens to drain the assets of the estate" may result in irreparable harm).

19. Bankruptcy courts in New York have imposed the automatic stay on a provisional basis in a number of chapter 15 proceedings. *See In re Samarco Mineração S.A. - Em Recuperação Judicial*, No. 21-10754 (LBG) (Bankr. S.D.N.Y. Apr. 22, 2021) (provisionally granting the stay under section 362 of the Bankruptcy Code with respect to the debtor and its U.S. assets); *In re*

*Serviços de Petróleo Constellation S.A.*, No. 18-13952 (MG) (Bankr. S.D.N.Y. Dec. 11, 2018) (ECF No. 29); *In re OAS S.A.*, No. 15-10937 (SMB) (Bankr. S.D.N.Y. Apr. 30, 2015) (ECF No. 33) (granting temporary injunction against adverse creditor actions); *In re Japan Airlines Corp.*, No. 10-10198 (JMP) (Bankr. S.D.N.Y. Jan. 19, 2010) (ECF No. 25) (granting protections of sections 361 and 362 pending entry of further order).

20. In light of the foregoing, the Foreign Representatives respectfully submit that granting the Provisional Relief pending the Court's ruling on the Motion for Recognition is similarly appropriate in this Chapter 15 case. The Foreign Representatives respectfully refer the Court to the Motion for Recognition (ECF Doc. 3) and state that they have demonstrated that all of the statutory requirements for recognition of the Dutch Bankruptcy Proceeding have been satisfied. In addition, the Amsterdam District Court has explicitly held that the Netherlands is the debtor's center of main interest. Accordingly the Foreign Representatives have demonstrated that this is a foreign main proceeding. In the cross-border insolvency context, courts have recognized that irreparable harm exists when local actions could hinder the orderly process of a foreign proceeding and the goal of fair distribution of assets. *See In re Berau Capital Res. PTE Ltd.*, No. 15-11804 (MG) (Bankr. S.D.N.Y. Aug. 6, 2015) (ECF No. 20). The balance of harms also weighs in favor of granting the Provisional Relief and imposing the automatic stay. The stay will merely preserve the *status quo* on a temporary basis. Lastly, the public interest also favors granting the relief sought herein. *See Cunard S.S. Co. v. Salen Reefer Servs. AB*, 773 F.2d 452, 459 (2d Cir. 1985) (noting in a case under former section 304 of the Bankruptcy Code the strong "public interest in the fair and efficient distribution of assets in a bankruptcy"). The Provisional Relief is also consistent with the policy goals of chapter 15 by avoiding individual creditor actions, dissipation of the estate assets and the resulting inequitable distribution of property among creditors.

21. The Foreign Representatives further seek a complete stay of the New York Litigation, including stay against its wholly owned subsidiary as any adverse ruling against the subsidiary could have a binding effect on the parent and impact the Dutch Bankruptcy Proceeding. "Although section 362(a) operates primarily as a shield for the debtor, courts can, and do, extend its protection to non-debtors in various circumstances, including where an action against the non-debtor will have an immediate adverse economic consequence for the debtor's estate. *M.E.S., Inc. v. M.J. Favorito Elec., Inc*., No. 08-CV-183 (JG) (JMA), 2010 WL 959604, at *2 (E.D.N.Y. Mar. 15, 2010)*In re SVB Fin. Grp.*, No. 23-10367 (MG), 2023 WL 2962212, at *5 (Bankr. S.D.N.Y. Apr. 14, 2023) *citing Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003) (extending automatic stay to wholly-owned subsidiary of debtor); *In re R&G Fin. Corp.*, 441 B.R. 401, 409–10, 415 (Bankr. D.P.R. 2010) (extending automatic stay to enjoin FINRA arbitration against a wholly-owned subsidiary of debtor); *In re Neuman*, 128 B.R. 333, 336-37 (S.D.N.Y. 1991) (finding that lawsuit against debtor's majority-owned direct and indirect non-debtor subsidiaries violated the automatic stay).

22. All parties are "sufficiently protected" for this Court to grant the Provisional Relief. 11 U.S.C. §1522(a); Here, the benefits to the Debtor and its wholly-owned subsidiary significantly outweigh any hardship to any party. To the contrary, the Provisional Relief will merely preserve the status quo for all parties pending the recognition hearing and completion of the Foreign Representatives investigation of assets. Relief under section 1519 of the Bankruptcy Code should be denied for a lack of sufficient protection only "if it is shown that the foreign proceeding is seriously and unjustifiably injuring United States creditors." H.R. Rep. No. 109-31, pt.1, at 116 (2005). Preserving the status quo in a pending action on a temporary basis does not rise to the level of a serious and unjustifiable injury to U.S. creditors.

23. Security is not required for the Provisional Relief in accordance with the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). *See* Bank. R. 7065 ("[A] temporary restraining order or preliminary injunction may be issued on application of a debtor, trustee, or debtor in possession without compliance with Rule 65(c)['s requirement to give security]"). In any event, requiring security would be unwarranted in the present circumstances as the Debtor's primary assets are under the jurisdiction of the Dutch Court and the Provisional Relief would last only a limited period of time.

## NOTICE

24. In accordance with Rule 2002(q) of the Bankruptcy Rules, the Foreign Representatives will provide notice of this Motion to (a) the Debtor; (b) the Office of the United States Trustee for Region 2 (the "U.S. Trustee"); and (c) counsel for the Plaintiffs in the New York Litigation. The Foreign Representatives submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## NO PRIOR REQUEST

25. No previous request for the relief sought herein has been made by the Foreign Representative to this or any other court.

**WHEREFORE** the Foreign Representatives respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: August 23, 2023
      New York, New York

                           OFFIT KURMAN, P.A.

                           By: */s/ Albena Petrakov*
                              Albena Petrakov

                           590 Madison Avenue, 6th Floor
                           New York, New York 10022
                           Telephone: (212) 545-1900
                           apetrakov@offitkurman.com