OFFIT KURMAN P.A.
590 Madison Avenue, 6th Fl.
New York, NY 10016
Telephone: (212) 380-4106
Facsimile:  (212) 545-1656
Albena Petrakov
Wojciech Jackowski

Counsel to the Foreign Representative

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>        VANMOOF B.V.,<br><br>        Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 23-42965-JMM |

**DECLARATION OF JOHANNES PADBERG IN SUPPORT OF (I)**
**MOTION FOR PROVISIONAL RELIEF PRSUANT TO 11 U.S.C.**
**§§ 1519, 1521(a)(7), 105(a), AND 362, AND**
**(II) MOTION TO SHORTEN NOTICE,**
**AND (III) RELATED RELIEF UNDER**
**CHAPTER 15 OF THE BANKRUPTCY CODE**

I, Johannes A.H. Padberg, partner of HVG Law LLP, a law firm located in Amsterdam, the Netherlands, and a lawyer admitted to the practice of law in the Netherlands, hereby declare under penalty of perjury under the laws of the United States of America as follows:

1. I am over the age of 18 and, if called upon, could testify to all matters set forth in this statement, except for those portions specified as being otherwise.

2. On July 17, 2023, I and my partner Robin P.A. de Wit were appointed to act as trustees in the bankruptcy proceedings of VANMOOF B.V. in the Amsterdam District Court,

Private Law Division (the "Dutch Bankruptcy Proceeding") pursuant to the Bankruptcy Act of the Netherlands and Article 3 of EU Regulation 2015/848 of the European Parliament and the Council of the European Union,

3. I submit this declaration in support of the (i) Motion for Provisional Relief Pursuant to 11 U.S.C. §§ 1519, 1521(a)(7), 105(a), and 362, and (i) Motion to Shorten Notice (the "Motions") filed contemporaneously herewith.

4. The Debtor is a global bicycle manufacturer headquartered in the Netherlands and founded in 2005 in Amsterdam by brothers Taco and Ties Carlier. The Debtor, along with other related entities and affiliates (collectively, the "VANMOOF Group"), are part of a larger Dutch corporate group. The Debtor manages the worldwide operations of the VANMOOF Group. There are substantial intercompany debts, including Debtor's obligations of approximately EUR 208 million to VANMOOF Global Holding B.V. and approximately EUR 25 million to VANMOOF Global Support B.V. At this time, VANMOOF Global Support B.V. and VANMOOF Global Holding B.V. are also subject to bankruptcy proceedings pending in the Amsterdam District Court in the Netherlands.

5. The Debtor sells its e-bikes both online and in its own brand stores in more than twenty cities worldwide. The Debtor markets, distributes and sells its products in the United States through its wholly owned subsidiary, VANMOOF USA Inc which operates a brand store in Brooklyn, New York.

6. As set forth in my Declaration in Support of the Motion for (i) recognition of foreign proceeding, (ii) recognition of foreign representative, and (iii) related relief under Chapter 15 of the Bankruptcy Code (ECF Doc. No. 4), the VANMOOF Group has been in financial

trouble due to problems with the supply of parts, delays in the launch of two new e-bikes and technical problems with two existing e-bike models, and raising additional financing has not been sufficient to resolve its cash flow problems.

7. Immediately after the commencement of bankruptcy proceedings, a trustee generally needs time to review and analyze books and records of the debtor company, to investigate assets and to understand the financial condition of the Debtor to determine the most efficient approach to maximizing value for the creditors. To enable the trustee to complete his analysis and to potentially allow the continuation of the debtor or the going concern sale of valuable business units, the Amsterdam District Court may impose a so-called "cooling-off period", during which third parties cannot exercise their right to recover property belonging to the estate or claim property under the control of the trustee pursuant to Article 63a of the Dutch Bankruptcy Act. The cooling off period is set for a maximum of two months with the possibility of an extension for the same period.

8. In the bankruptcy of VANMOOF B.V., the Amsterdam District Court imposed a two-month cooling-off period until September 13, 2023. Due to the complexity of the Debtor's operations and assets in different jurisdictions, I plan to apply for an extension of the cooling off period by an additional two months.

9. I was made aware recently that there was pending litigation in the New York Supreme Court against the Debtor and its wholly owned subsidiary – VANMOOF USA Inc. (the "New York Litigation"). Based on reports provided to me in my capacity as a trustee I understand that the New York Litigation is a personal injury action, commenced by an invitee against VANMOOF USA and VANMOOF B.V. in the New York State Supreme Court, County of Kings, on April 16, 2021. In relevant parts, pleadings filed in the New York Litigation allege that

VANMOOF USA Inc. is controlled and wholly owned by VANMOOF B.V., and that the companies are alter ego of the other, which the companies deny. Pleadings in the New York Litigation go on to claim that the companies were negligent in their design, marketing, engineering, production, manufacturing, and selling of the electric bike that caused plaintiff's injuries and that they failed to comply with industry standards. The complaint in the New York Litigation seeks compensatory and punitive damages against VANMOOF USA and VANMOOF B.V., allegations which are denied in the companies' answer filed with the state court. Any proceeding that has been commenced against the bankrupt entity prior to bankruptcy and is intended to fulfill an obligation from the estate is suspended by operation of law pursuant to Article 29 of the Dutch Bankruptcy Act. A Notice of the Dutch Bankruptcy Proceeding was provided on July 31, 2023. I was advised that plaintiffs' counsel in the New York Litigation vigorously contests the application of the Dutch Stay to the New York Litigation. I and my co-trustee have accordingly promptly commenced this Chapter 15 proceeding.

10. As trustees, I and my partner are engaged in ongoing, extensive efforts to investigate and preserve the assets of the Debtor and to determine the steps to take control of any other assets and taking such other action as is necessary to ensure the orderly administration of the estate. The shares that VANMOOF B.V. holds in VANMOOF USA inc. are subject to the Dutch Bankruptcy Proceeding and the management of the Debtor and the decisions with respect to the wholly-owned subsidiary no longer belong to the Debtor's management. Only the appointed trustees are authorized to manage the Debtor and all actions that affect the assets of the bankrupt estate. The trustee therefore has an interest in ensuring that the assets of the Debtor in the U.S. are preserved.

11. In the New York Litigation, heavily contested on procedural grounds vis-à-vis parties efforts in discovery, there are a number of court-ordered depositions of witnesses based in the Netherlands and the U.S. scheduled in August and September, including August 16, 23 and 30 and September 7, 2023. My understanding is that an apostilled notice of the Dutch bankruptcy of VANMOOF B.V. was filed in the New York Litigation on July 31, 2023. One of the Dutch witnesses did not appear for the deposition scheduled on August 16 and Plaintiff filed a motion for sanctions. The return date per the notice of motion returnable is September 7, 2023 and the Defendants' time to respond is August 31, 2023. Further proceedings in the state court litigation could severely impair the value of the Debtor's assets in the U.S. Therefore, I respectfully request that the Court grant provisional relief and extend such provisional relief to the Debtor until the motion for recognition is heard and extend the provisional relief to the Debtor's wholly-owned subsidiary.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is, to the best of my knowledge, information, and belief, complete, true and correct.

Executed on this 23rd day of August 2023
in Amsterdam, the Netherlands

_____
JOHANNES PADBERG