**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
Camille C. Bent

*Counsel for Robert Mallin and Melissa Rosenfield*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------X
In re:                                                                      :
VANMOOF, B.V.,                                                  :   Chapter 15
                                                                            :   Case No.: 23-42965-jmm
                            Debtor in a Foreign
                            Proceeding.
-------------------------------------------------------X

**OBJECTION OF ROBERT MALLIN AND MELISSA ROSENFIELD TO THE**
**DEBTOR'S MOTION FOR PROVISIONAL RELIEF PURSUANT TO 11 U.S.C. §§ 1519,**
**1521(a)(7), 105(a), AND 362**

Mr. Robert Mallin and Ms. Melissa Rosenfield (the "Litigation Plaintiffs"), by and

through their undersigned counsel, submits this objection to the *Debtor's Motion for Provisional*

*Relief pursuant to 11 U.S.C. §§ 1519, 1521(a)(7), 105(a), and 362* (the "Motion") filed on

August 23, 2023 by VANMOOF, B.V. (the "Debtor").  In support thereof, the Litigation

Plaintiffs respectfully represents as follows:

**PRELIMNARY STATEMENT**

1.        The Debtor's motion requests broad stay relief on shortened notice, at the expense

of the Litigation Plaintiffs.  They are plaintiffs in a pending action against non-debtor

VANMOOF USA, Inc., and the Debtor, captioned *Mallin v. VANMOOF B.V. and VANMOOF*

*USA., Inc.*, bearing Index number 509006/2021 in the Supreme Court of New York, Kings

County (the "Kings County Litigation").

2.      As stated in greater detail below, the Litigation Plaintiffs have been pursuing

claims against VANMOOF USA and the Debtor in the Kings County Litigation for over two

years, requesting relating to catastrophic personal injuries and damages suffered by them due to a

defective electric bike provided to Mr. Mallin by non-debtor VANMOOF USA.  As set forth

herein, the Litigation Plaintiffs object to the Debtor's request for the protections of the automatic

stay pursuant to 105 and 362 of title 11 of the United States Code (the "Bankruptcy Code") in the

above-captioned chapter 15 case because it would impact the Kings County Litigation.

3.      In light of the shortened notice period, the Litigation Plaintiffs reserve the right to

supplement their objections.

## BACKGROUND

### I.      Kings County Litigation

4.      The Litigation Plaintiffs brought suit on April 16, 2021 against non-debtor

VANMOOF USA (together with the Debtor, "VANMOOF") for damages arising out of an

incident on October 3, 2020.  On that date, Mr. Mallin was violently precipitated to the ground

while test-riding a defective VanMoof S3 Electric Bike ("E-Bike"), which was provided to him

by non-debtor VANMOOF USA.  The Litigation Plaintiffs filed claims for: (i) strict liability in

tort; (ii) breach of warranty of merchantability; (iii) negligent assembly, maintenance, servicing

and/or repair of product; (iv) loss of consortium and services; and (v) punitive damages.

5.      In the Kings County Litigation, VANMOOF was required to respond to the

plaintiffs' discovery demands by April 8, 2022.  They failed to do so.  The Litigation Plaintiffs

filed a motion to strike VANMOOF's answer on January 24, 2023.  The motion to strike was

denied, and VANMOOF was ordered to fully participate and properly respond to the discovery

requests by March 31, 2023.  VANMOOF produced thousands of heavily redacted documents under the guise of various improperly asserted privileges.

6.      The Litigation Plaintiffs filed a second motion to strike VANMOOF's answer on May 26, 2023, alleging that they failed to "fully and properly respond" to the pending discovery requests.  Following oral argument on July 12, 2023, the court ordered a special master to review the discovery responses as they related to the asserted privileges. The court also ordered the depositions of four witnesses employed by VanMoof B.V. and/or VanMoof USA Inc. to occur in August and September 2023.

7.      On July 17, 2023, the Court of Amsterdam declared VanMoof B.V., VanMoof Global Support B.V. & VanMoof Global Holding B.V. bankrupt.

8.      On August 17, 2023, the day after VanMoof's counsel advised they would not produce any of the four witnesses for their court-ordered depositions, the Litigation Plaintiffs filed a third motion.  They asked the Supreme Court to strike the answer of VanMoof B.V. and VanMoof USA Inc. and to compel the depositions of the four witnesses on September 21, 2023, September 28, 2023, October 5, 2023, and October 12, 2023, and to retain a special master by September 14, 2023.  The third motion does not contain a request for monetary penalties against VANMOOF.

**II.      The Debtor's Bankruptcy Cases**

9.      On August 18, 2023, one day after The Litigation Plaintiffs filed a third motion in attempt to progress discovery in the Kings County Litigation, the Debtor filed the instant chapter 15 proceeding.  ECF No. 1.  VANMOOF USA is not named as a debtor.  *Id.*

10.     On August 18, 2023, the Debtor filed a Motion for Post-Recognition Relief under 11 U.S.C. §§ 1521 and/or 1507.  ECF No. 3, 4.

11.     On August 23, 2023, the Debtor filed an Ex Parte Motion for Provisional Relief under 11 U.S.C. § 1519 to Shorten Notice and Set Procedures for Hearing to Consider Motion for Provisional Relief.  ECF No. 5.  The Debtor also filed a Motion for Provisional Relief under 11 U.S.C. § 1519.  ECF No. 6, 7.

12.     The Court entered an Order Granting the Ex Parte Motion to Shorten Notice and Setting Procedures for Hearing to Consider Motion for Provisional Relief on August 24, 2023.  ECF No. 8.  A telephonic hearing is scheduled for August 29, 2023 at 1:00 p.m. before this Court.  *Id.*

## OBJECTION

13.     The Litigation Plaintiffs file the instant objection to the relief requested in the Motion.

14.     For the reasons articulated below, The Litigation Plaintiffs respectfully submit that this Court should enter an order (i) denying the Debtor's request for provisional relief pending final determination on the pending Motion for (I) Recognition of Foreign Proceeding, (II) Recognition of Foreign Representative pursuant to sections 1519 1521(a)(7), 105(a), and 362 of the Bankruptcy Code; (ii) providing that section 362 of the Bankruptcy Code does not apply to non-debtor VANMOOF USA, Inc.; and (iii) declining to extend the automatic stay to non-debtor VANMOOF USA, Inc.

## ARGUMENT

**I.     The Automatic Stay Should Not Be Extended to Apply to Non-Debtor VANMOOF USA.**

15.     The Debtor is seeking to extend the automatic stay as to a non-debtor entity, which is not permitted barring unusual circumstances.  *See In re Qimonda Ag*, 482 B.R. 879 (Bankr. E.D. Va. 2012).  "Extending the automatic stay or issuing an injunction for non-debtors

- 4 -

contravenes a basic and compelling principle of federal bankruptcy law. Like the rest of the

Code, Chapter 15 focuses on protecting the debtors, not the non-debtor subsidiaries." *Vitro v.*

*ACP Master, Ltd. (In re Vitro)*, 455 B.R. 571, 581–82 (Bankr. N.D. Tex. 2011).  "If granted,

precedent will be set that any foreign debtor can initiate insolvency proceedings solely for a

parent holding company in a foreign jurisdiction, get an injunction protecting non-debtor

subsidiaries in the United States, and confirm a plan through insider votes leaving creditors in the

United States with little recourse." *Id.*

16.     The Debtor seeks to circumvent this basic bankruptcy tenet in the Motion to

extend the stay to non-debtor VANMOOF USA.   The Court should deny the Debtor's request to

extend the stay to non-debtor VANMOOF USA.

**II.     The Automatic Stay Should Not Be Applied, Especially on Shortened Notice, to
Stay Actions Against the Debtor.**

17.     During the "gap period" between the chapter 15 petition for recognition and the

court's ruling on recognition, under section 1519(a) of the Bankruptcy Code, the court may grant

relief of a provisional nature only where the relief is "urgently needed to protect the assets of the

debtor or the interests of creditors."  11 U.S.C. 1519(a).

18.     To receive such extraordinary relief, the movant is required to prove the ordinary

preliminary injunctive factors: "A plaintiff seeking a preliminary injunction must establish that

he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the

public interest." *In re Worldwide Educ. Servs.*, 494 B.R. 494, 499 (Bankr. C.D. Cal. 2013).

19.     The Debtor has not met its burden.  Similar to the debtor in *Worldwide Education*

*Services*, the Debtor provides no specific information about the current resources of the

bankruptcy estate, how much the Debtor has expended in defending the litigation, how much the

anticipated litigation expenses would be, including anticipated trial expenses, and how much the Debtor's assets would be diminished by its share of the trial expenses, given that it is a co-defendant with a non-debtor.  Furthermore, upon information and belief, the litigation expenses are covered by an insurance policy, and thus recovery may not impact the estate at all.  The Litigation Plaintiffs are not actively seeking to enforce a liability in rem against property of the estate.

20.     Second, a stay on the eve of depositions would unduly prejudice the Litigation Plaintiffs, as it is the latest in a series of attempts to unduly delay and evade discovery.  Last, the Debtor makes no factual showing that granting provisional relief would be in the public interest. Instead, it essentially argues that provisional relief is always consistent with the policy goals of chapter 15.  This is incorrect.

## CONCLUSION

For the foregoing reasons, The Litigation Plaintiffs respectfully request that this Court enter an Order:

(i)     Denying the Debtor's request for application of section 362 of the Bankruptcy Code to this chapter 15 case pursuant to section 1521 of the Bankruptcy Code generally; and

(ii)    Denying the Debtor's request for application of section 362 of the Bankruptcy Code to non-Debtor VANMOOF USA, Inc.; and

(iii)   Confirming that the claims held in the Kings County Litigation are not affected by the Netherlands Proceeding or the relief granted by this Court in the Chapter 15 case; and

(iv)    Granting such other and further relief as the Court deems just.

Dated:  August 28, 2023                    Respectfully submitted,
        New York, New York


                                          /s/ Camille C. Bent
                                          **Baker & Hostetler LLP**
                                          Camille C. Bent
                                          45 Rockefeller Plaza
                                          New York, NY 10111
                                          Telephone: (212) 589-4200
                                          Facsimile: (212) 589-4201
                                          Email: cbent@bakerlaw.com

                                          *Counsel for Mr. Robert Mallin and Ms.*
                                          *Melissa Rosenfield*