| | |
|---|---|
| OFFIT KURMAN P.A.<br>590 Madison Avenue, 6th Fl.<br>New York, NY 10016<br>Telephone: (212) 380-4106<br>Facsimile:  (212) 545-1656<br>Albena Petrakov<br>Wojciech Jackowski<br><br>Counsel to the Foreign Representatives | Hearing Date: January 17, 2024<br>Objection Deadline: January 10, 2024 |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>        VANMOOF B.V.,<br><br>        Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 23-42965-JMM |

**OBJECTION TO AMENDED**
**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

        Johannes A.H. Padberg and Robin P.A. de Wit (the "**Foreign Representatives**"), the duly appointed trustees and foreign representatives in respect of the bankruptcy proceedings of VANMOOF B.V. under the supervision of the Amsterdam District Court, Private Law Division (the "**Dutch Bankruptcy Proceeding**"), by and through their undersigned counsel, respectfully object to the amended motion for relief from the automatic stay filed by Robert Malin and Melissa Rosenfeld (the "**Movants**"). In support of their objection, they state as follows:

**PRELIMINARY STATEMENT**

        1.     The Movants are unsecured creditors holding contingent, unliquidated litigation claims against VanMoof B.V. They are seeking to lift the automatic stay to prosecute a prepetition personal injury lawsuit against the Debtor and a non-Debtor defendant in non-bankruptcy courts (the "**Personal Injury Action**"). The automatic stay is a fundamental

1

protection under the Bankruptcy Code and can be lifted only under exceptional circumstances. This Court should deny the Motion to prevent the Movants from jumping the line of creditors, and to protect the Debtor and the Foreign Representatives from being forced to expend estate resources defending a case in a foreign forum.

2.  Granting the relief requested will distract the Foreign Representatives from their estate administration duties and require them to turn their attention and resources to defend against the Personal Injury Action, depriving the estate from the benefit of the automatic stay.

3.  To the extent the Movants would like to pursue the litigation subject to the available insurance coverage, the Foreign Representatives have indicated that they are amenable to such a limited modification of the automatic stay.

## **OBJECTION**

4.  The automatic stay affords "one of the fundamental debtor protections provided by the bankruptcy laws." *Midlantic Nat'l Bank v. N.J. Dep't of Env't Protection*, 474 U.S. 494, (1986); Collier on Bankruptcy ¶ 362.03 (16th ed. rev. 2013). The automatic stay is intended to "allow the bankruptcy court to centralize all disputes concerning property of the debtor's estate so that reorganization can proceed efficiently, unimpeded by uncoordinated proceedings in other arenas." *SEC v. Brennan*, 230 F.3d 65, 71 (2d Cir. 2000) (internal quotation omitted).

5.  By this Court's Order, dated October 8, 2023, all relief and protection afforded to a foreign main proceeding pursuant to section 1520 of the Bankruptcy Code was granted to the Dutch Bankruptcy Proceeding, the Debtor, and any assets of the Debtor located

within the territorial jurisdiction of the United States, as applicable, including the application of section 362 of the Bankruptcy Code.

6. The Dutch Bankruptcy Proceeding affords pre-petition creditors the right to submit their claims in process similar to the proof-of-claim process. Litigation claims should be addressed through such proof-of-claim process. This approach prevents a race to the courthouse by similarly situated claimants.

9. "The general rule is that claims that are not viewed as secured in the context of § 362(d)(1) should not be granted relief from the stay unless extraordinary circumstances are established to justify such relief." *In re Breitburn Energy Partners* LP, 571 B.R. 59, 65 (Bankr. S.D.N.Y. 2017) (*quoting In re Leibowitz*, 147 B.R. 341, 345 (Bankr. S.D.N.Y. 1992)).

10. The Movants have not established a cause to lift the stay and state in a conclusory fashion and incorrectly that the Sonnax Factors weigh in their favor. *In re Sonnax Indus., Inc.*, 907 F.2d 1280 (2d Cir. 1990). The Movants do not meet their heavy burden of proof to justify lifting the automatic stay and prioritizing the Movants' claims ahead of other prepetition litigation claimants. Furthermore, the Movants have not identified any cognizable harm that would be suffered if the stay is not lifted. Analysis of the *Sonnax* factors does not support lifting the stay as set forth below:

(1) whether relief would result in a partial or complete resolution of the issues - Even if the Movants were to prevail at the trial court level and obtain a judgment against the Debtor, such a result would likely be followed by post-trial proceedings, appeals, and potential contribution dispute between the Debtor and its co-defendant.

(2) lack of any connection with or interference with the bankruptcy case – Allowing the Personal Injury Action to continue undermines the claims adjudication process in the Dutch Bankruptcy Proceeding by allowing the Movants to jump ahead of similarly situated creditors in obtaining recoveries, distracts the Foreign Representatives from their administration duties and depletes insurance policies that are property of the Debtor's bankruptcy estate. *In re EMS Fin. Servs., LLC*, No. 12-71324-AST, 2013 WL 64755, at *5 (Bankr. E.D.N.Y. Jan. 4, 2013); *see also In re MF Glob. Holdings Ltd.*, 469 B.R. 177, 190 (Bankr. S.D.N.Y. 2012), *In re Downey Fin. Corp.*, 428 B.R. 595 (Bankr.D.Del.2010).

(3) whether the other proceeding involves the debtor as a fiduciary – the Personal Injury Action does not involve the Debtor as a fiduciary.

(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action – The Supreme Court of New York, Kings County is not a specialized tribunal.

(5) whether the debtor's insurer has assumed full responsibility for defending it – to the extent an insurance carrier assumes full responsibility, the Foreign Representatives are amenable to limited modification of the automatic stay to allow recovery from any available insurance proceeds.

(6) whether the action primarily involves third parties – the action involves VanMoof USA Inc., and the Movants have previously obtained this Court's Order confirming that there was no automatic stay with respect to the co-defendant and the Movants were free to move forward against this party if they believe that the action primarily involves the co-defendant.

(7) whether litigation in another forum would prejudice the interests of other creditors – with respect to determination of liability and types of damages, New York and Dutch law are not the same; accordingly, a judgment may prejudice the interest of other similarly situated creditors.

(8) whether the judgment claim arising from the other action is subject to equitable subordination – not applicable.

(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor – not applicable.

(10) the interests of judicial economy and the expeditious and economical resolution of litigation - The most efficient path to resolution of the Movants' claims is through the centralized claims administration process in the Dutch Bankruptcy Proceeding.

(11) whether the parties are ready for trial in the other proceeding – the parties are not ready for trial in the Personal Injury Action.

(12) impact of the stay on the parties and the balance of harms – the only prejudice the Movants would suffer is delay whereas any participation in the proceedings by the Foreign Representatives would divert their attention from the administration of the estate and impact all other constituents.

11. In addition, the Movants mistakenly claim that VanMoof B.V.'s filing was in bad faith. A Chapter 15 proceeding is an ancillary proceeding in which the U.S. court acknowledges the foreign proceeding and gives it effect under applicable U.S. law. Movants were aware of the Dutch Bankruptcy Proceeding. The District Court in Amsterdam explicitly found that there was no prospect that the Debtor would be able to satisfy its creditors over time and that it had stopped making payments, ordered the bankruptcy of VanMoof B.V. and

appointed the Foreign Representatives as Trustees. The Movants refused to honor the stay of pre-bankruptcy litigation triggered by the Amsterdam District Court's order opening the bankruptcy proceedings, and the chapter 15 proceeding was filed to give effect of this foreign bankruptcy proceeding. By Order, dated October 8, 2023, this Court granted recognition and acknowledged that the statutory requirements for recognition are met.

12. The *CTC 9th Avenue Partnership* factors are irrelevant to a Chapter 15 proceeding. *In re CTC 9th Avenue Partnership*, 113 F.3d 1304 (2d Cir. 1997). Even if they were pertinent to a motion to lift the stay, the Movants acknowledge that the majority of the factors are not present. The Movants again incorrectly assert in a conclusory that this was a two-party dispute and the filing's purpose was to frustrate the Personal Injury Action. As described in the motion for recognition, VanMoof B.V. had multiple unsecured pre-petition creditors and secured credit, and it is unclear how the Movants reached the conclusion that this was a two-party dispute. The Foreign Representatives' mandate is to administer any assets of the debtor in an orderly fashion for the benefit of all creditors and not to facilitate Movants' litigation. The motion for recognition was timely filed, several weeks after the Amsterdam District Court declared the Debtor bankrupt and after the Movants refused to honor the stay triggered by the Dutch Bankruptcy Proceeding.

**WHEREFORE** the Foreign Representatives respectfully request the entry of an Order denying the Motion, or alternatively modifying the stay only to the extent necessary for the defense and recovery of proceeds from any available insurance policies, and such other and further relief as the Court may deem just and appropriate.

Dated: January 10, 2024
      New York, New York

OFFIT KURMAN, P.A.

By: _____
    Albena Petrakov

590 Madison Ave
New York, New York 10022
Telephone: (212) 545-1900
apetrakov@offitkurman.com